UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joseph Bergeron, | Civil No. 20-0701 (SRN/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Paul Schnell, Commissioner of Corrections; and Guy Bosch, Warden, | |
| Respondents. | |

---

Joseph Bergeron, *pro se* petitioner.

Fiona B. Ruthven, Esq., Minnesota Department of Corrections, for respondents Paul Schnell and Guy Bosch.

---

Petitioner Joseph Bergeron was found guilty of first-degree murder in 1988 and was sentenced to a life term of imprisonment. *See State v. Bergeron*, 452 N.W.2d 918 (Minn. 1990). Despite that sentence, Bergeron remained eligible for parole — and in February 2011, Bergeron was transferred from the custody of the Minnesota Department of Corrections into supervised release. *See Bergeron v. Commissioner of Corrections*, No. A18-0733, 2019 WL 178534, at *1 (Minn. Ct. App. Jan. 14, 2019). On at least three occasions, though, Bergeron violated the conditions of his release, with the final violation coming in October 2014 after Bergeron was charged with driving while impaired, fleeing a peace officer, and obstructing legal process. *Id*. Bergeron's supervised release was

1

revoked due to that violation, and Bergeron was returned to prison, where he now continues to serve the life sentence originally imposed on him in 1988.

This matter is before the Court on review of Bergeron's petition for a writ of habeas corpus. (*See* Doc. No. 1, Petition.) This Court concludes that Bergeron's habeas petition is untimely and recommends dismissal on that basis.

As an initial matter, the parties dispute whether Bergeron's petition is governed by 28 U.S.C. § 2254. The pleading itself is characterized as a "petition for a writ of habeas corpus under 28 U.S.C. § 2241," (Petition 1), which is undoubtedly true in a sense: Section 2241 is the statutory provision through which federal courts are authorized to grant habeas petitions. But § 2254 establishes several restrictions on habeas petitions brought "in behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). Similarly, 28 U.S.C. § 2244(d) sets a one-year limitations window for habeas petitions brought "by a person in custody pursuant to the judgment of a State court." Thus, if Bergeron's petition is subject to § 2254, it is also subject to § 2244(d).

Bergeron argues that he is not subject to § 2254 or § 2244(d) because "[a] person confined due to a parole revocation is not confined due to a State Court judgment, but due to an administrative hearing." (Doc. No. 14, Pet. Reply 2.) This is not quite correct. Bergeron's supervised release was revoked as a result of an administrative hearing, but he nevertheless is in custody pursuant to a state-court judgment: the 1988 judgment following his conviction for first-degree murder. *See, e.g.*, *Van Zant v. Florida Parole Commission*, 308 Fed. App'x 332, 334 (11th Cir. 2009) (per curiam) ("Although the revocation of Van Zant's parole is an administrative action, it is considered to be

2

pursuant to a judgment of a state court, properly governed by 28 U.S.C. § 2241 and 28 U.S.C. § 2254, subject to the one year statute of limitations found in 28 U.S.C. § 2244(d)."). Only through that judgment is Bergeron's continued detention permissible; without that judgment, Bergeron would not have been on supervised release, and that supervised release could not have been revoked. Courts have therefore had little hesitation in applying § 2254 and similar restrictions to habeas petitions brought by prisoners detained following revocations of parole or supervised release. *See, e.g.*, *Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003); *Cook v. New York State Division of Parole*, 321 F.3d 274, 277–80 (2d Cir. 2003); *cf. Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001) (applying § 2254 to habeas petition seeking review of denial of parole).

Because Bergeron remains in custody pursuant to a state-court judgment, his habeas petition is governed by the limitations set forth in § 2244(d), which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

3

> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this subsection.

One of those provisions, § 2244(d)(1)(C), is inapplicable to this matter, as Bergeron does not seek relief pursuant to a right newly recognized by the Supreme Court of the United States. Under a second provision, § 2244(d)(1)(A), Bergeron's petition would plainly be untimely; the judgment pursuant to which he is in custody became final approximately 30 years ago. *See Wade*, 327 F.3d at 331–32.

The remaining two provisions of § 2244(d)(1) require further analysis. Under § 2244(d)(1)(D), a habeas petition filed by a prisoner in custody as a result of a state-court judgment may be considered timely if it is brought within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Insofar as Bergeron's claims relate to the revocation of his parole or to alleged constitutional errors during those revocation proceedings, those claims depend upon a factual predicate that could not have been known to Bergeron until the time of the revocation proceedings in 2014. Put another way, the limitations period for any claims relating to the legality of the revocation proceedings

could not have begun running any sooner than 2014; the factual predicate for those claims did not occur until then.

Bergeron's petition was filed on March 2, 2020 — that is, much more than one year after his revocation proceedings had concluded. Under § 2244(d)(2), though, any period during which Bergeron had pending "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim" does not count against the limitations window. Accordingly, this Court must review the state-court procedural history of Bergeron's revocation proceedings in order to calculate the date on which the limitations window under § 2244(d)(1)(D) expired.

Bergeron's administrative appeal of his revocation was denied on March 18, 2015. (*See* Doc. No. 8-1, Resp. Ex. N at 56.) Beginning on that date, Bergeron could seek relief from any errors committed during the revocation proceedings through a petition for a writ of habeas corpus filed in state court. *See* Minn. Stat. § 589.02; *State v. Schnagl*, 859 N.W.2d 297, 301–02 (Minn. 2015). Bergeron filed such a petition on October 6, 2015, exactly 202 days later after the administrative-review process had ended.[1] (*See* Doc. No. 8-1, Resp. Ex. O at 58–65.) Accordingly, the federal habeas limitations clocked stopped on that date, with 163 days remaining in which Bergeron could later seek federal habeas

---

[1] Respondents cite October 9, 2015 — the date on which the petition was received by the Washington County District Court — as the date on which the state-court habeas petition should be deemed filed for purposes of the tolling provision of § 2244(d)(2). (*See* Doc. No. 7, Resp. 12.) Giving Bergeron the benefit of the doubt, this Court has instead used the date supplied by Bergeron on the petition itself (and thus the earliest date on which the habeas petition could have been placed by Bergeron in the prison mail system). *Cf.* Rule 3(d), Rules Governing Section 2254 Cases in the United states District Courts.

5

relief. *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (stating that § 2244(d)(2) merely pauses the one-year limitations clock). Those habeas proceedings continued until at least August 22, 2016, the date on which the Minnesota Court of Appeals affirmed the denial of Bergeron's petition. *See Bergeron v. Roy*, No. A16-0351, 2016 WL 4421554 (Minn. Ct. App. Aug. 22, 2016). In the meantime, though, Bergeron had filed a second petition for a writ of habeas corpus in state court, (*see* Doc. No. 8-1, Resp. Ex. T at 116); therefore, despite the first habeas proceedings concluding, the § 2244(d) clock remained tolled due to the pendency of the second petition. That second habeas proceeding concluded in the state courts no later than August 30, 2017, the date on which the Minnesota Supreme Court denied Bergeron's motion to file a late petition for review. (*See* Doc. No. 8-2, Resp. Ex. BB at 129–131.) On that date, no postconviction matter related to Bergeron was pending in the Minnesota state courts. The § 2244(d) limitations clock ran for another 96 days until December 4, 2017, when Bergeron commenced mandamus proceedings in state court.[2] (*See* Doc. No. 8-2, Resp. Ex. EE at 139.) Only 67 days remained pending by this point for Bergeron to file a federal habeas petition. The clock then started again on March 19, 2019, upon the Minnesota

---

[2]   Bergeron argues that the mandamus proceedings should be seen as a continuation of (or as relating back to) the state habeas corpus proceedings. There does not appear to be any basis for regarding the habeas corpus and mandamus proceedings as continuous; the matters were governed by separate pleadings, reviewed separately, and sought different relief. But even if this Court ignored the 96-day gap between the habeas corpus proceedings and mandamus proceedings, more than 365 days would have run during which the § 2244(d)(1)(D) limitations window was open before Bergeron filed his federal habeas petition.

Supreme Court's denial of Bergeron's petition for review in the mandamus proceedings. (*See* Doc. No. 8-2, Resp. Ex. HH at 265.) By May 28, 2019, the limitations window had closed for good.[3] Bergeron filed his federal habeas petition on March 4, 2020, far too late to raise claims governed by § 2244(d)(1)(D).

This leaves only § 2244(d)(1)(B) — "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action" — to examine. In his reply brief, Bergeron argues that § 2244(d)(1)(B) should govern the timeliness of his claims because "Minnesota provides no legal assistance" and thereby impedes the filing of habeas petitions. (*See* Pet. Reply 6.) But there is no constitutional or statutory right to assistance of counsel in habeas proceedings, *see Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994), and any federal habeas petition filed by Bergeron could only have raised claims already litigated in the state courts. *See* 28 U.S.C. § 2254(b). Moreover, Bergeron's suggestion that he was unable previously to litigate in federal court is belied by his voluminous filings in state court since the time of his revocation. Bergeron has been an active litigant on his own behalf throughout the past five years. There is no reason to believe that Bergeron could not have raised his habeas claims in federal court during that time.

---

[3]  The sixty-seventh day after March 19, 2019 came on May 25, 2019. But that day was a Saturday, the day after that was a Sunday, and the day after that was a federal holiday. Bergeron therefore had under May 28, 2019 in which to file a habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

7

Under any of the four § 2244(d)(1) provisions, Bergeron's habeas petition is untimely. Accordingly, it is recommended that his petition be dismissed with prejudice. This Court further finds that the basis for dismissal is not reasonably debatable and therefore recommends that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITH PREJUDICE** as untimely.

2. No certificate of appealability be issued.

Dated: October 1, 2020         *s/ Becky R. Thorson*_____
                               BECKY R. THORSON
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).