UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Bergeron,<br><br>Petitioner,<br><br>v.<br><br>Paul Schnell, Commissioner of Corrections; and Guy Bosch, Warden,<br><br>Respondents. | Case No. 20-cv-00701 (SRN/BRT)<br><br>**ORDER** |

Joseph Bergeron, OID # 126625, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003-1490, Pro Se.

Fiona B. Ruthven, Minnesota Department of Corrections, 1450 Energy Park Drive, Suite 200, St. Paul, MN 55108; and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101-2134, for Respondents.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner Joseph Bergeron's Objection [Doc. No. 21] and Supplement to the Objection [Doc. No. 22] to United States Magistrate Judge Becky R. Thorson's October 1, 2020 Report and Recommendation [Doc. No. 18] ("R&R"). The magistrate judge recommended that Bergeron's Petition for a Writ of Habeas Corpus [Doc. No. 1] ("Petition") be denied as untimely, the action be dismissed with prejudice, and a Certificate of Appealability be denied. (R&R 8.) For the reasons set forth below, Bergeron's objections are overruled, the Court adopts the R&R in its entirety, denies a Certificate of Appealability, and dismisses the matter with prejudice.

1

## I.   BACKGROUND

The factual and procedural background of this matter is well documented in the R&R and is incorporated herein by reference. This Court will recite background facts only to the extent necessary to rule on Bergeron's objections.

In 1988, Bergeron was found guilty of first-degree murder and sentenced to a life term of imprisonment. *See State v. Bergeron*, 452 N.W.2d 918 (Minn. 1990). Bergeron was granted supervised release in 2011. *See Bergeron v. Commissioner of Corrections*, No. A18-0733, 2019 WL 178534, at *1 (Minn. Ct. App. Jan. 14, 2019). Bergeron violated the conditions of his release on at least three occasions, and following the final violation in October 2014, his supervised release was revoked. *See id.* Bergeron returned to the custody of the Minnesota Department of Corrections to continue serving the life sentence imposed on him in 1988, where he remains today.

The magistrate judge found that the one-year statute of limitations set by 28 U.S.C. § 2244(d) applied to Bergeron's Petition because Bergeron is "in custody pursuant to the judgment of a State court," even though his current detention is a consequence of the administrative proceedings revoking his supervised release. The magistrate judge then considered whether the Petition was timely under any of the provisions of § 2244(d)(1). After concluding that the Petition was untimely, the magistrate judge recommended that the Petition be dismissed. (R&R 8.)

On October 9, 2020, Bergeron moved for an extension of time to file objections to the R&R. (Mot. for Extension of Time to File Response/Reply [Doc. No. 19].) This Court granted Bergeron's motion on October 15, 2020. (Order [Doc. No. 20].) Nonetheless, Joel

2

Munt—a fellow inmate who had helped Bergeron with his court filings in the past—filed an objection to the R&R on Bergeron's behalf on October 15, 2020. (Obj. to R&R [Doc. No. 21].) Munt represented that he had been transferred to a different facility than Bergeron, and filed the objection as "next friend" because he was concerned that he would be unable to send Bergeron a draft in time for Bergeron to meet the original filing deadline. (*See id.* at 3.) After receiving the extension of time to file, Bergeron was able to file his own objections (styled as a "Supplemental to Petitioner's Objections to Magistrate's 10/1/2020 Report and Recommendations"). (Suppl. Obj. [Doc. No. 22].)

## II.   DISCUSSION

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b).

Bergeron does not object to the magistrate judge's computation of the statute of limitations period. Rather, Bergeron's initial objection (filed by Munt) argues that the magistrate judge should have equitably tolled the limitations period because Bergeron relied on Munt's help, and was without that help during certain periods prior to filing his Petition. And in his supplemental objection, Bergeron argues that § 2244(d)'s statute of limitations does not apply to his Petition. Because Bergeron has not objected to the magistrate judge's computation of the limitations period and the Court finds that analysis to be correct, the Court adopts the magistrate judge's finding that the Petition is untimely under § 2244(d)(1). The Court will next address each of Bergeron's objections in turn.

### A. Equitable Tolling

As a threshold issue, Respondents argue that the Court should not consider Bergeron's initial objection because it was signed and filed by Munt, a non-lawyer, on Bergeron's behalf. To be sure, the Court generally does not consider filings made by non-lawyers on a pro se litigant's behalf. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected . . . ."); *Holper v. Kallis*, No. CV 20-1096 (JRT/TNL), 2020 WL 4915837, at *2 (D. Minn. Aug. 21, 2020) (refusing to consider objections to a report and recommendation filed by a petitioner's fellow inmate (a non-lawyer) on the petitioner's behalf). But the Court recognizes that Munt's filing was simply an effort to comply with this Court's filing deadlines, and that Bergeron does not seek for Munt to represent him. Under the circumstances and because the Court ultimately concludes that equitable tolling does not apply, the Court will address the objection raised in Munt's filing.

"The one-year statute of limitation may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631 (2010)). Bergeron points to two "extraordinary circumstances" that "stood in his way": (1) Bergeron was without Munt's assistance at various times prior to filing his Petition, and (2) Munt's research was allegedly confiscated by prison officials in November 2019.

Bergeron's initial objection asserts that Bergeron was without Munt's assistance between the revocation of his supervised release and the time that he met Munt in 2015. Bergeron also states that Munt was unable to assist him from November 2017 to early 2018, in March 2018, and in November 2019 because Munt was transferred to other facilities. But there is no constitutional or statutory right to counsel in habeas proceedings, let alone a right to aid from fellow inmates. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Therefore, the fact that Bergeron did not have help from Munt—a non-lawyer—does not alone constitute an extraordinary circumstance that requires tolling the statute of limitations.

Further, regarding Munt's absence from November 2017 to March 2018, the Court notes that the statute of limitations *was* tolled. As the magistrate judge concluded, the statute of limitations was tolled from December 4, 2017 to March 19, 2019 while Bergeron pursued mandamus proceedings in state court. (R&R 6.) And even if Munt's absence in November 2017 were an "extraordinary circumstance" justifying equitable tolling, the Petition still would not be timely. (*See* R&R 6 (concluding that the limitations window closed on May 28, 2019; Bergeron filed his Petition on March 4, 2020, approximately ten months later).) Similarly, even if Munt's November 2019 absence justified equitable tolling, the limitations window had already closed in May 2019. (*Id.*) Therefore, the Court finds that Munt's absences during the periods noted in Bergeron's initial objection do not require equitable tolling.

Moreover, the alleged confiscation of Munt's research in November 2019 does not justify equitably tolling the limitations period because that period had closed in May 2019.

5

(*Id.*) Likewise, insofar as Bergeron asserts an inability to access the prison's law library due to the COVID-19 pandemic—something Respondents contest—that alleged inability arose after the limitations period closed in May 2019. Accordingly, the Court finds that the magistrate judge correctly computed the limitations period without applying equitable tolling.

### B.  Applicability of 28 U.S.C. § 2244(d)

Bergeron argues that the statute of limitations in § 2244(d), which applies to petitions for habeas corpus filed "by a person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2244(d)(1), does not apply to him because his current detention is a consequence of the revocation of his supervised release. Bergeron also asserts that the Minnesota Supreme Court denied his petition for review of the revocation proceeding because, in filing that petition, he followed the word count limit applicable to those in custody due to a state court judgment rather than the lower word count limit applicable to those in custody due to a revocation of supervised release. According to Bergeron, this shows the Minnesota Supreme Court regarded his detention as *not* due to a state court judgment.

But even though Bergeron's current detention is the result of the revocation of his supervised release, his imprisonment is still "pursuant to the judgment of a State court." As the magistrate judge aptly explained:

> Bergeron's supervised release was revoked as a result of an administrative hearing, but he nevertheless is in custody pursuant to a state-court judgment: the 1988 judgment following his conviction for first-degree murder. *See, e.g.*, *Van Zant v. Florida Parole Commission*, 308 Fed. App'x 332, 334 (11th Cir. 2009) (per curiam) ("Although the revocation of Van Zant's parole is an

6

administrative action, it is considered to be pursuant to a judgment of a state court, properly governed by 28 U.S.C. § 2241 and 28 U.S.C. § 2254, subject to the one year statute of limitations found in 28 U.S.C. § 2244(d)."). Only through that judgment is Bergeron's continued detention permissible; without that judgment, Bergeron would not have been on supervised release, and that supervised release could not have been revoked. Courts have therefore had little hesitation in applying § 2254 and similar restrictions to habeas petitions brought by prisoners detained following revocations of parole or supervised release. *See, e.g.*, *Wade v. Robinson*, 327 F.3d 328, 331 (4th Cir. 2003); *Cook v. New York State Division of Parole*, 321 F.3d 274, 277–80 (2d Cir. 2003); *cf. Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001) (applying § 2254 to habeas petition seeking review of denial of parole).

(R&R 2-3.) Even if the Minnesota Supreme Court did not view Bergeron's detention as due to a state court judgment for purposes of the court's word count limits, for purposes of § 2244(d)'s limitations period, a person detained following revocation of supervised release is still "in custody pursuant to the judgment of a State court." Therefore, the one-year statute of limitations applies to the Petition. Because the magistrate judge correctly concluded that Bergeron's petition is untimely under § 2244(d), the Court dismisses the Petition.

### C. Certificate of Appealability

The magistrate judge found that the basis for dismissing the Petition is not reasonably debatable, and therefore recommended that no Certificate of Appealability be issued. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court agrees. Accordingly, no Certificate of Appealability shall issue.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation [Doc. Nos. 21 and 22] are **OVERRULED**;

2. The Report and Recommendation [Doc. No. 18] is **ADOPTED**;

3. Petitioner's Petition for a Writ of Habeas Corpus [Doc. No. 1] is **DISMISSED**; and

4. No Certificate of Appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 6, 2020                               s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge